IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PREMESSA JENKINS, individually and next friend of her minor child T.J., <br><br> Plaintiffs, <br><br> v. <br><br> BUTTS COUNTY SCHOOL DISTRICT and GEORGIA DEPARTMENT OF EDUCATION, <br><br> Defendants. | ) ) ) ) ) ) ) CIVIL ACTION NO. 5:13-CV-47 (MTT) ) ) ) ) ) ) ) |

## ORDER

This matter is before the Court on Defendant Georgia Department of Education's motion to dismiss. (Doc. 21). For the reasons discussed below, the Plaintiff's claim against Defendant Georgia Department of Education is **DISMISSED without prejudice** for lack of standing, and the motion is **DENIED as moot**.

### I. FACTUAL BACKGROUND

Plaintiff Premessa Jenkins's child, T.J., is enrolled in Defendant Butts County School District (the "School District"). (Doc. 33 at ¶ 1). Jenkins alleges that the School District failed to provide her child, who has autism and other learning disabilities, with a free and appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Act ("IDEA"). (Doc. 33 at ¶¶ 6, 23). On January 17, 2008, T.J. was removed from school and received limited instruction at her home until October 2010 when she was allowed to return to full-time special education classes at school. (Doc. 33 at ¶¶ 15, 18).

On April 26, 2011, Jenkins filed a pro se administrative complaint against the School District with the Georgia Department of Education ("DOE") regarding T.J.'s lack of progress in the School District's schools. (Doc. 33 at ¶ 24). Jenkins alleges that neither Defendant provided her with information on procedural safeguards such as free or low-cost legal services as required by the IDEA. (Doc. 33 at ¶ 25). DOE denied Jenkins's complaint on June 29, and Jenkins alleges she was told no other avenues for review existed. (Doc. 33 at ¶ 26).

On August 10, 2012, Jenkins filed a pro se due process hearing request form against the School District with the Georgia Office of State Administrative Hearings ("OSAH").[1] (Doc. 33 at ¶ 29). Every State educational agency is required to develop a model form that assists parents and public agencies in filing due process complaints that meet the basic requirements listed under 34 C.F.R. § 300.508(b), although claimants are not required to use the model form to submit a complaint. 34 C.F.R. § 300.509. In response to the questions asking for her proposed resolution to the problems with her child's education, Jenkins stated on the model form, "Unfortunately, it is too late to undo what has been done. I would like a program started wherein an unbiased outside party be employed to oversee the [accommodations] for all special needs students[,] making sure that every school in the district makes said [accommodations] within a reasonable time frame. If the school fails to meet either the [accommodations] or the deadlines for same, federal funding should be removed from said school and/or district. Additionally, in consideration of all the emotional damage

---

[1] Jenkins filed an action with this Court on September 1, 2011 against the School District. The Court dismissed Jenkins's case without prejudice because Jenkins had not yet exhausted her administrative remedies pursuant to the IDEA.

this has caused within my family, I feel that punitive damages are in order." (Doc. 20-2 at 119).

The OSAH Administrative Law Judge dismissed the due process complaint, finding that the complaint was barred by the statute of limitations and that Jenkins sought relief the IDEA did not authorize. (Doc. 20-2 at 51-56). Jenkins alleges that the due process hearing request form, developed by DOE, was inadequate because it failed to assist her in selecting an appropriate remedy for the administrative hearing. (Doc. 33 at ¶ 30). The only relief Jenkins seeks against DOE in her complaint is an injunction ordering DOE to reform its model due process hearing request form and attorney's fees.

## II. DISCUSSION

### A. Standard of Review

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack."[2] *Stalley v. Orlando Reg'l Heathcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1232-33 (internal quotations and citation omitted). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233 (citation omitted). DOE has not introduced any material

---

[2] DOE moved to dismiss under Rule 12(b)(1) because DOE claims it is entitled to sovereign immunity from Jenkins's non-IDEA claims. However, DOE did not move to dismiss because Jenkins lacked standing under Rule 12(b)(1). Nevertheless, the Court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).

extrinsic from the pleadings, and the Court will look only to the complaint to determine whether Jenkins has established subject matter jurisdiction.

"[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008) (internal quotations and citation omitted). Under a Rule 12(b)(1) facial attack, "the plaintiff has 'safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised,' and 'the court must consider the allegations in the plaintiff's complaint as true.'" *Stalley*, 524 F.3d at 1233 (citation omitted). However, the Court may not speculate concerning the existence of standing, and the Court may not create jurisdiction by embellishing deficient allegations if the plaintiff fails to meet his burden. *DiMaio*, 520 F.3d at 1301 (citation omitted).

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Where there are dispositive issues of law, a

court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

### B.  Whether Jenkins Has Standing to Pursue Her Claim Against DOE

Jenkins argues that DOE's model form is inadequate because it fails to inform parents which remedies may be pursued at a due process hearing, and therefore, the model form fails to effectively assist parents as required by the IDEA.  Jenkins proposes this Court order DOE to amend its form to offer more guidance or to list the forms of relief that an ALJ may grant for a parent or guardian to select from.

DOE initially moved to dismiss this claim on multiple grounds but primarily focused on statute of limitations issues.  This confused the Court.  It seemed clear that any possible statute of limitations defense could apply only to the claims against the School District.  The Court convened a hearing on the matter, and the Parties acknowledged that limitations issues have nothing to do with Jenkins's claim against DOE.  At that hearing, Jenkins's attorney made clear that the only relief Jenkins sought against DOE was injunctive relief (to reform the due process form) and attorney's fees.  It became apparent to the Court that the preliminary matter that needed to be addressed was whether Jenkins has standing to pursue this claim.  The Parties then filed supplemental briefs addressing this issue.[3]

---

[3] Despite Jenkins's attorney's acknowledgement that the only relief Jenkins seeks against DOE is injunctive relief to amend its model form and attorney's fees pursuant to the IDEA, Jenkins's supplemental brief on standing states Jenkins has alleged another claim for relief based on DOE's alleged failure to provide her with procedural safeguards required by the IDEA.  While it is true that paragraph 25 of her amended complaint references this alleged failure, her amended complaint asserts no injury and asks for no relief related to this "claim."  In her supplemental brief, Jenkins asserts she is requesting an injunction related to DOE's alleged violation of the IDEA's procedural safeguards requirement for some unspecified future injury.  Even if Jenkins's amended complaint did assert this separate claim against DOE, Jenkins would lack standing to pursue that claim, and her allegation would fail to state a claim for relief.

To establish standing, Jenkins "'must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling.'" *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (citation omitted). Jenkins argues that she was injured by DOE's model form because it allowed her to request inappropriate types of relief under the IDEA and caused her due process hearing request to be dismissed. Because Jenkins is requesting injunctive relief, she must show a likelihood of future harm. *See City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983) (holding the plaintiff was not entitled to an injunction "[a]bsent a sufficient likelihood that he [would] again be wronged in a similar way").[4] Although Jenkins states that "injunctive relief would help T.J. to enforce her FAPE rights in the future,"[5] her plans to use the form in the future are merely conjectural and hypothetical. This does not support a finding of actual or imminent future injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 564 (1992) (finding that generalized intent to engage in an activity without "concrete plans" is insufficient to support a finding of actual or imminent injury).

---

[4] The Court must look to the type of relief requested to determine whether standing exists. In *Lyons*, the Supreme Court noted that the plaintiff presumably had standing to pursue a claim for damages based on injuries he received from a chokehold applied by a police officer but held that the plaintiff lacked standing to pursue injunctive relief because he could not show he was likely to suffer future injury from the use of chokeholds by police officers. 461 U.S. at 105. Thus, although multiple claims for relief may arise out of the same facts, the Court held that a plaintiff must satisfy the requirements of standing as to each type of relief sought. *See id.*

[5] (Doc. 40 at 10). This is what Jenkins says in her supplemental brief on the standing issue. In earlier filings, it seemed Jenkins was not seeking relief for any injury suffered or to be suffered by her or her child, but rather, she wanted the Court to order DOE to change its form so that other parents would not make the mistake she says she was led to make. This raises an issue of prudential standing. Jenkins does not have standing to pursue relief on behalf of others. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542, U.S. 1, 12 (2004) (citations omitted) ("[P]rudential standing encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'").

Moreover, even if Jenkins had alleged a particularized actual or imminent injury, she cannot establish causation. To do that, she must show "a causal connection between the injury and the conduct complained of[,]" meaning the injury is fairly traceable to the defendant's challenged action. *Id.* at 560. Jenkins complains that the ALJ dismissed her due process complaint without a hearing because the inadequate model form caused Jenkins to allege inappropriate forms of relief.[6] The Court disagrees. Her complaint was dismissed because the relief she wanted was not available. The form, in a plain and clear fashion, asks the claimant "what do you want?" If what a claimant wants is not available relief, that is not the fault of the model form. In short, Jenkins's alleged injury cannot be fairly traced to the challenged action of DOE. Thus, even if Jenkins had alleged an actual or imminent future injury, she cannot establish the model form would cause her to seek unavailable relief.

Even if Jenkins could establish standing and the Court had jurisdiction to consider this claim, it is clear that her amended complaint fails to state a claim for relief against DOE.[7] It is not clear whether this cause of action is permissible under the IDEA. DOE argues that nothing in the "IDEA gives a district court the general right to grant equitable relief." (Doc. 21-1 at 13). Even if a district court could grant such relief, DOE

---

[6] Jenkins also argues that "[c]ausation is satisfied because [DOE] is subject to statutory monitoring, investigation and enforcement obligations, and ultimately is responsible for ensuring the provision of FAPE." (Doc. 40 at 10). DOE's obligations under the IDEA do not establish a causal connection between the injury Jenkins complains of (i.e., the dismissal of her administrative complaint) and DOE's conduct.

[7] Because the issue of standing is jurisdictional, the Court briefly considers the merits of Jenkins's claim for injunctive relief, but the Court does not rule on the merits of that claim. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976) ("Absent … a showing [of the requirements for standing], exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation."); *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citation omitted) (stating that whether a plaintiff has met the requirements of standing "is the threshold question in every federal case, determining the power of the court to entertain the suit[,]" and the plaintiff's failure to satisfy those requirements means he may not invoke "federal-court jurisdiction and … justify exercise of the court's remedial powers on his behalf").

continues, its model form satisfies the requirements of the IDEA and it has no clear legal duty to create a form that lists possible remedies.

Contrary to DOE's assertion that the Court does not have the general right to grant equitable relief, the IDEA allows the Court to "grant such relief as [it] determines is appropriate[,]" including equitable relief.  20 U.S.C. § 1415(i)(2)(C)(iii).  Nevertheless, the Court need not address whether Jenkins may be awarded this type of relief pursuant to the IDEA given the other reasons discussed in this Order.

The IDEA requires "the State educational agency to develop a model form to assist parents in filing a complaint and due process complaint notice."  20 U.S.C. § 1415(b)(8).  The IDEA's accompanying regulation outlines six items that must be included in a due process complaint, the final requirement being "[a] proposed resolution of the problem to the extent known and available to the party at the time."  34 C.F.R. § 300.508(b)(6).  DOE's model form includes a space for the party filing the complaint to suggest a proposed resolution.  The form asks, "How would you like this problem or these problems solved?  In other words, what do you want for the child that you feel she or he needs?"  (Doc. 20-2 at 119).  The party is not told which types of relief may be pursued at the administrative level, but neither is he or she given any restrictions on how to respond to the questions.  The IDEA does not provide State educational agencies with any further guidance on how to draft a form that assists parents.  While Jenkins correctly notes that the IDEA places a heavy "burden on the school system to educate and assist parents and children" regarding their rights,[8] the

---

[8] (Doc. 23 at 10).  Jenkins points to the notice an educational agency is required to provide to parents regarding procedural safeguards and the obligation to "inform the parent of any free or low-cost legal and other relevant services available in the area if … [t]he parent or the agency files a due process complaint."  34 C.F.R. §§ 300.503 & 300.507(b)(2).

IDEA also leaves the establishment and maintenance of the Act's required procedures to state and local educational agencies. 20 U.S.C. § 1415(a). In light of the discretion afforded to educational agencies under the IDEA, Jenkins does not state any legal bases nor does she allege any facts to support her claim that DOE's model form is inadequate under the IDEA.[9]

### III.   CONCLUSION

For the foregoing reasons, the Plaintiff's claim against Defendant DOE is **DISMISSED without prejudice** for lack of standing, and DOE is **DISMISSED as a party to this action**. DOE's motion to dismiss is **DENIED as moot**. Further, the stay of discovery is lifted in this case.

**SO ORDERED**, this 18th day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[9] Jenkins is not entitled to attorney's fees from DOE because she has not prevailed against them pursuant to the IDEA. 20 U.S.C. § 1415(i)(3)(B)(i).