## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **PREMESSA JENKINS, individually and next friend of her minor child T.J.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO. 5:13-CV-47 (MTT)** |
| **BUTTS COUNTY SCHOOL DISTRICT** | ) ) ) | |
| **Defendant.** | ) ) ) | |

## <u>ORDER</u>

This matter is before the Court on the Defendant's motion to dismiss.  (Doc. 44).

For the reasons discussed below, the Defendant's motion is **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Premessa Jenkins's child, T.J., is enrolled in Defendant Butts County

School District (the "School District").  (Doc. 33 at ¶ 1).  Jenkins alleges the School

District failed to provide her child, who has autism and other learning disabilities, with a

free and appropriate public education ("FAPE") pursuant to the Individuals with

Disabilities Education Act ("IDEA").  (Doc. 33 at ¶¶ 6, 23).  T.J. was a full-time student in

the School District's special education classes from September 1999 until January

2008.  (Doc. 33 at ¶ 7).  Pursuant to the IDEA, the School District was responsible for

developing an individualized education program ("IEP") for T.J. each year, and Jenkins

alleges each IEP was deficient.  (Doc. 33 at ¶¶ 9, 13-14).

On January 17, 2008, T.J. was removed from school and began receiving limited

instruction at her home.  (Doc. 33 at ¶ 15).  At the IEP committee meeting held on

January 17, Jenkins alleges the School District did not discuss any options other than

home-based studies, reasons for rejecting those options, or a reintegration plan to bring T.J. back into the classroom.  (Doc. 33 at ¶ 16).  In September 2008, the School District placed T.J. in an after-school program that provided 1.75 hours of instruction per day for four days out of the week.  (Doc. 33 at ¶ 17).  T.J. remained in the after-school program until October 2010 when she was allowed to return to full-time special education classes at school.  (Doc. 33 at ¶ 18).

Jenkins alleges T.J. did not receive speech and occupational therapy from January 2008 to October 2010 as required by her IEPs.  (Doc. 33 at ¶ 19).  As of April 16, 2009, the School District described T.J.'s academic and personal functioning as being at a toddler level, and T.J. only knows a few words and hand signs although she has the ability to speak.  (Doc. 33 at ¶ 22).

On April 26, 2011, Jenkins filed a pro se administrative complaint against the School District with the Georgia Department of Education ("DOE")[1] regarding T.J.'s lack of progress in the School District's schools.  (Doc. 33 at ¶ 24).  Jenkins alleges the School District failed to provide her with information on procedural safeguards, such as free or low-cost legal services, as required by the IDEA.  (Doc. 33 at ¶ 25).  DOE denied Jenkins's complaint on June 29, and Jenkins alleges she was told no other avenues for review existed.  (Doc. 33 at ¶ 26).

On August 10, 2012, Jenkins filed a pro se due process hearing request form ("due process complaint") against the School District with the Georgia Office of State Administrative Hearings ("OSAH").[2]  (Doc. 33 at ¶ 29).  After Jenkins obtained counsel,

---

[1] DOE has previously been dismissed as a Defendant to this action.

[2] Jenkins filed an action with this Court on September 1, 2011 against the School District.  The Court dismissed Jenkins's case without prejudice because Jenkins had not yet exhausted her administrative remedies pursuant to the IDEA.

she filed a motion for permission to amend her due process complaint to identify statutes and claims pertinent to her case and for additional time to respond to the School District's counterclaim.  (Doc. 20-2 at 86).  The OSAH Administrative Law Judge ("ALJ") stated that Jenkins's due process complaint could only be amended pursuant to 34 C.F.R. § 300.508(d)(3) if the defendant consented to the amendment or the administrative court granted permission.  (Doc. 20-2 at 82).  The ALJ noted that the School District did not consent to the amendment, and the ALJ declined to grant permission and, thus, denied Jenkins's motion to amend.  (Doc. 20-2 at 82).  The School District filed its motion to dismiss on September 14.  (Doc. 20-2 at 78).  On November 7, the ALJ, treating the School District's motion to dismiss as a motion for summary determination, found Jenkins's due process complaint was barred by the statute of limitations, and Jenkins sought relief the IDEA did not authorize.  (Doc. 20-2 at 51-56).  Therefore, the ALJ dismissed Jenkins's complaint.

Jenkins filed a motion for reconsideration with attached exhibits on November 20, 2012.[3]  (Doc. 20-2 at 39-50).  The ALJ denied the motion on December 12 because the motion was untimely, the arguments in the motion were waived due to Jenkins's failure to raise them in response to the motion to dismiss, and there were not sufficient grounds for reconsideration.  (Doc. 20-2 at 2-3).  Jenkins filed a new complaint in this Court on February 7, 2013.  (Doc. 1).

---

[3] As discussed more fully below, the motion for reconsideration was faxed to OSAH on November 19, 2012 but not file-stamped until the following day.

## II.  DISCUSSION

### A.  Standard of Review

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack."  *Stalley v. Orlando Reg'l Heathcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted).  "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  *Id.* at 1232-33 (internal quotation marks and citation omitted).  A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony."  *Id.* at 1233 (citation omitted).  The Parties reference nothing other than the amended complaint and the administrative record.  Thus, the Court will confine its analysis to the contents of those documents.

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*,

297 F.3d 1182, 1188 (11th Cir. 2002).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

In an IDEA case, the Eleventh Circuit describes the district court's decision as a judgment on the administrative record.  *Loren F. v. Atlanta Indep. Sch. Sys.*, 349 F.3d 1309, 1313 (11th Cir. 2003) (citations omitted).  The district court may also hear additional evidence at the request of either party.  20 U.S.C. § 1415(i)(2)(C)(ii).  The district court "conducts an entirely *de novo* review of the ALJ's findings and has discretion to determine the level of deference it will give to the ALJ's findings."  *CP v. Leon Cnty. Sch. Bd. Fla.*, 483 F.3d 1151, 1156 n.4 (11th Cir. 2007) (citations omitted).  Judicial deference given to local administrate agency decisions is "typically limited to matters calling upon education expertise."  *Loren*, 349 F.3d at 1314 n.5 (citation omitted).  If the reviewing court does not adhere to the administrative findings of fact, it must explain why.  *M.M. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 437 F.3d 1085, 1097 (11th Cir. 2006) (citing *Loren*, 349 F.3d at 1314 n.5).

Here, the Court does not give any special weight to the ALJ's findings of fact.  With the exception of one affidavit submitted by the School District, there is no evidence in the administrative record.  Therefore, the Court will determine which facts before the ALJ were disputed and will review the ALJ's determinations of law *de novo*.

**B.  Whether Jenkins Timely Filed Her Complaint in this Court**

"Any party aggrieved by the findings and decision" on a due process complaint brought pursuant to the IDEA "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without

regard to the amount in controversy."[4]  20 U.S.C. § 1415(i)(2)(A).  However, "[t]he party

bringing the action shall have 90 days from the date of the decision of the hearing

officer to bring such an action, or, if the State has an explicit time limitation for bringing

such action under this subchapter, in such time as the State law allows."  20 U.S.C.

§ 1415(i)(2)(B).  Georgia has adopted the same 90-day time limit to bring a civil action.

Ga. Comp. R. & Regs. 160-4-7.12(3)(u)(1).

    Jenkins filed her complaint in this Court on February 7, 2013 – 92 days after the

ALJ issued her final decision.  Jenkins argues that her complaint is timely because she

filed it less than 90 days after the ALJ denied her motion for reconsideration, which was

the date she was "aggrieved by the findings and decision" of the ALJ.  In the alternative,

Jenkins argues she filed a timely motion for reconsideration with the ALJ, contrary to the

ALJ's finding, and a timely motion for reconsideration tolls the 90-day statute of

limitations to bring a civil action.  Thus, Jenkins concludes that her time to file a

complaint in this Court runs from the time the ALJ denied her motion for reconsideration

on December 12, 2012.  The School District contends the ALJ correctly concluded the

motion for reconsideration was untimely, but even if it was timely, the School District

argues no mechanism exists to toll the 90-day statute of limitations.[5]  Thus, the School

District concludes Jenkins's complaint was two days late and must be dismissed.

    The Court will first determine whether the 90-day period for Jenkins to file her

complaint in this Court began running from the date the ALJ granted the School

---

[4] Georgia's corresponding regulation provides: "Any party aggrieved by the findings and decision made by
an administrative law judge or hearing officer has the right to bring a civil action with respect to the due
process hearing request notice requesting a due process hearing.  The action may be brought in any
State court of competent jurisdiction or in a district court of the United States without regard to the amount
in controversy."  Ga. Comp. R. & Regs. 160-4-7.12(3)(u).

[5] It is of interest, though perhaps of no other significance, that the School District did not contend
Jenkins's motion for reconsideration was untimely in the administrative proceeding.

District's motion to dismiss or from the date the ALJ denied Jenkins's motion for reconsideration. Although the relevant portion of the IDEA and the corresponding Georgia regulation do not explicitly address the point, it is clear to the Court that Jenkins's interpretation of the statute is incorrect.

The plaintiffs in *Carruthers v. Ludlow Taylor Elementary School*, 432 F. Supp. 2d 75 (D.D.C. 2006) made the same argument Jenkins makes here. In that case, the plaintiffs faxed a motion for reconsideration to the administrative hearing officer two days after the deadline for filing the motion, which was denied as untimely. *Id.* at 80. The court found the plaintiffs argued mistakenly that the time to file a civil action ran from the administrative hearing officer's denial of the motion for reconsideration. The court held that a motion filed after the hearing officer issued a final decision did not simply renew the statute of limitations to bring a civil action and, instead, the appropriate inquiry is whether a later-filed motion tolls the time to file a civil action. *Id.* at 80-81.

While there is no guidance in the Eleventh Circuit on this precise issue, the Eleventh Circuit considered a similar issue in *Green v. D.E.A.*, 606 F.3d 1296 (11th Cir. 2010). There, the appellants attempted to construe their untimely notice of appeal as an appeal of the district court's denial of their motion for reconsideration to circumvent Fed. R. App. P. 4. *Id.* at 1299. However, the order the appellants claimed to be appealing was merely a denial of the order they were in fact appealing, i.e., the order the appellants asked the district court to reconsider. *Id.* To make this determination, the court examined the appellants' briefs on appeal and found, not surprisingly, that they focused on the merits of the underlying order and not on the order denying the motion for reconsideration. *Id.* at 1300. Thus, the court concluded the appellants' time to appeal ran from the first order, not the denial of their motion for reconsideration, and

the proper inquiry was whether the appellants timely filed their motion for reconsideration to toll the time to file an appeal.  *Id.*

Thus, the Court finds the statute of limitations to file an IDEA civil action is not renewed by filing a motion for reconsideration, timely or untimely, after an ALJ has rendered a final decision on a due process complaint.  Instead, the issue is more properly characterized as a question of tolling.  Accordingly, Jenkins's 90-day time period to file her civil action began to run on November 7, 2012, when the ALJ issued a final decision on her due process complaint.

With regard to Jenkins's tolling argument, the School District argues that Congress did not intend to allow any tolling of the 90-day period, which is exemplified by the fact that Congress provided exceptions to the two-year statute of limitations for filing a due process complaint but not to the statute of limitations for filing a civil action.

There does not appear to be any precedent in the Eleventh Circuit on whether the 90-day period prescribed by the IDEA is a mandatory jurisdictional bar or a statute of limitations that may be pled as an affirmative defense, waived, or tolled.  There is disagreement among courts that have considered the issue.[6]  *See C.B. v. Argyle Indep. Sch. Dist.*, 2012 WL 695834, at *5 (E.D. Tex.) (finding the 90-day deadline was mandatory and jurisdictional under the plain language of the IDEA and absent any exceptions in the Federal Rules of Civil Procedure or the court's local rules); *B.R. v. Prosser Sch. Dist. No. 116*, 2010 WL 723782, at *1-2 (E.D. Wash.) (holding the IDEA's 90-day time limit was not jurisdictional and was instead subject to equitable tolling).

---

[6] Many courts have declined to decide the issue when the plaintiff cannot show grounds for equitable tolling regardless of whether the 90-day period is a jurisdictional bar.  *See, e.g.*, *Maynard v. District of Columbia*, 579 F. Supp. 2d 137, 141-42 (D.D.C. 2008).

The Court finds the reasoning in *Wall Township Board of Education v. C.M.*, 534 F. Supp. 2d 487 (D.N.J. 2008) most persuasive.  Noting that statutory time limitations are generally subject to a rebuttable presumption that equitable tolling applies, the court looked at the plain language of the IDEA as the first step in statutory interpretation.  *Id.* at 492.  Finding the explicit 90-day time limit had "jurisdictional significance" because it appears in the IDEA, the court determined that significance was "undermined by the later part of the provision, which permits each state to disregard the 90–day time limit and create its own time prescription."  *Id.* at 493.  "Time prescriptions created by state laws cannot be jurisdictional because '[o]nly Congress may determine a lower federal court's subject-matter jurisdiction[.]'"  *Id.* (quoting *Bowles v. Russell*, 551 U.S. 205, 217 (2007)).  Thus, the court "conclude[d] that by permitting the individual states to set forth the time limitation for an aggrieved party to appeal a decision made following an IDEA due process hearing, Congress intended for [20 U.S.C. §] 1415(i)(2)(B) to be treated as a statute of limitations subject to waiver, estoppel, and equitable tolling."  *Id.* (citations omitted).

Georgia law provides the same 90-day statute of limitations as the federal statute.  Georgia law also permits a plaintiff who has brought a due process complaint before OSAH to file a motion for reconsideration within ten days of the entry of an ALJ's initial or final decision.  Ga. Comp. R. & Regs. 616-1-2-.28(1).[7]  When a state regulation or administrative procedural rule allows parties to file motions for reconsideration of an ALJ's decision on a due process complaint, courts have concluded these rules or regulations toll the 90-day period to file a civil action when the motion for

---

[7] This regulation also permits the ALJ to extend the time for filing a motion for reconsideration for good cause.

reconsideration is timely.  The court in *Stanton v. District of Columbia*, 639 F. Supp. 2d 1 (D.D.C. 2009) examined United States Supreme Court and federal appellate court case law on the tolling effect of motions for reconsideration filed with administrative agencies in the context of other statutes[8] and considered the underlying policy concerns for a tolling effect in this situation – namely, "a preference to postpone judicial review to ensure completion of the administrative process."  *Id*. at 3-4.  Thus, the court held that the "'ordinary' tolling rule" also applied to an administrative agency's decision pursuant to the IDEA when the motion for reconsideration of that decision is timely.  *Id*.; *see also Theodore v. Gov't of D.C.*, 655 F. Supp. 2d 136, 143 (D.D.C. 2009) (holding a timely motion for reconsideration tolled the 90-day statute of limitations until the motion was constructively denied by the hearing officer).

Thus, it is clear to the Court that a timely motion for reconsideration filed with OSAH tolls the 90-day statute of limitations for bringing a civil action.[9]  Conversely, an untimely motion for reconsideration does not toll the 90-day period.  *Carruthers*, 432 F. Supp. 2d at 81 (holding the plaintiff's untimely motion for reconsideration filed with the administrative hearing officer did not toll the time to file her action with the district court); *cf. Green*, 606 F.3d at 1300 (stating an untimely motion for reconsideration filed with a district court does not toll the time to file an appeal).

---

[8] "Those cases are crystal clear that the filing of such a motion 'within the period allotted for judicial review of the original order ... tolls the period for judicial review of the original order.'"  *Stanton*, 639 F. Supp. 2d at 3 (citations omitted).

[9] A motion for reconsideration does not toll the time for filing a direct appeal in Georgia's appellate courts. O.C.G.A. § 5-6-38; *see also Blackwell v. Sutton*, 261 Ga. 284, 284, 404 S.E.2d 114, 114 (1991) (citation omitted).  But that rule has no bearing in this Court because the federal procedural rules allow tolling the time to appeal when a motion for reconsideration is timely filed.

The Court must finally determine whether the ALJ correctly found Jenkins's motion for reconsideration was not timely.[10]  Jenkins argues the ALJ wrongly concluded her motion for reconsideration was late because OSAH's administrative procedural rules permit parties to file motions via fax, and faxed motions are considered received on the date the fax is transmitted.  The School District, on the other hand, contends faxed motions are only considered filed if transmitted during OSAH's business hours, and otherwise, they are considered filed when received by OSAH's clerk.

Neither party disputes that any motion for reconsideration on the ALJ's final decision was due by November 19, 2012[11] nor that Jenkins's motion was faxed to OSAH at 5:46 p.m. on November 19, 2012.[12]  OSAH requires a party to file a motion for reconsideration within ten days of the entry of an initial or final decision by an ALJ, or the ALJ may extend the time for filing for good cause.  Ga. Comp. R. & Regs. 616-1-2-.28(1).  OSAH's regulation on filing and submitting documents provides:

> All case-related documents shall be filed on 8 1/2 x 11-inch paper.  A document is deemed filed on the date it is received by the Clerk, or on the official postmarked date on which the document was mailed, properly addressed with postage prepaid, whichever date comes first.  The Clerk's office hours shall be 8:00 a.m. to 4:30 p.m., Monday through Friday, except State legal holidays.  Documents may be filed by fax or by e-mail attachment.

Ga. Comp. R. & Regs. 616-1-2-.04(1).  "Case-initiating documents" must be filed with the clerk, while "[d]ocuments filed subsequent to case initiation" must be filed with the assigned ALJ.  Ga. Comp. R. & Regs. 616-1-2-.04(2).

---

[10] The School District does not argue that the Court is required to give this finding deference or preclusive effect, and the Court finds no reason to do so.

[11] The Court agrees that the deadline for filing a motion for reconsideration was November 19, 2012 pursuant to OSAH's regulation on computing the time to file.  *See* Ga Comp. R. & Regs. 616-1-2-.05(1).

[12] The fax line erroneously shows Jenkins's motion was transmitted on April 4, 2002 at 1:02 a.m.

Regulation 616-1-2-.04(1) only provides two explicit possibilities for when a document may be deemed file: (1) when the document is received by the clerk or (2) when the document is officially postmarked if it is properly mailed.  The date the document is considered filed is the earlier of these two dates.  This portion of the regulation appears to contemplate filing only by hand delivery or mail.  The portion allowing parties to fax or email documents appears to be an amendment that was tacked on to the existing regulation rather than integrated into it.  For instance, the first sentence requires that all documents be filed on 8 1/2 x 11-inch paper, but clearly, emailed attachments are not filed on paper at all.  Thus, it is not clear whether faxed or emailed documents are considered filed only when received by the clerk or if they may also be deemed filed using their time-stamped equivalents of a postmark.  Moreover, if OSAH wanted faxed and emailed documents to be considered filed only when received by the clerk, it could have made this explicit in the regulation.[13]

The School District contends that interpreting the regulation to find a faxed or emailed document filed when it is time-stamped ignores the fact that a party must mail the document within a post office's business hours to receive that day's postmark.  The Court does not find this argument convincing.  First, post offices do not have standard operating hours for postmarking mail, and mail can be postmarked after 4:30 p.m., which is the close of business hours for OSAH.  From a practical standpoint, it makes no sense that a party could mail a document at 5:46 p.m. and have it considered timely, but that same document would be untimely if faxed at 5:46 p.m.  In fact, the faxed document would already be at OSAH the following morning when the clerk arrives, while the mailed document would not arrive until later.  Second, the amendment to the

---

[13] The Chief State ALJ is responsible for promulgating rules and regulations governing the operations and hearing procedures of OSAH.  Ga. Comp. R. & Regs. 616-1-1-.01(2).

regulation allows parties to use more efficient and less costly means than hand delivery to file documents, and it is not reasonable to make the requirements of using more efficient forms of technology identical to the requirements of hand delivery and more restrictive than the requirements of mailing.

Accordingly, the Court finds the ALJ's conclusion that Jenkins's motion for reconsideration was untimely is incorrect, and the ALJ's interpretation of the regulation was unreasonable.[14]  Because the Court finds Jenkins's motion for reconsideration was timely filed with OSAH, the time for filing her civil action was tolled until the ALJ rendered her decision on that motion on December 12, 2012.  Jenkins filed her complaint in this Court less than 90 days after December 12, 2012.  Thus, her complaint here is timely filed.

### C. Whether Jenkins's Claims are Barred Under the IDEA Statute of Limitations

Finding Jenkins timely filed her complaint in this Court does not end the inquiry into whether Jenkins's claims are timely.  The IDEA sets a timeline for filing a due process complaint:

> A parent or agency shall request an impartial due process hearing within [two] years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows.

20 U.S.C. § 1415(f)(3)(C).  Georgia law provides the same two-year statute of limitations.  Ga Comp. R. & Regs. 160-4-7-.12(3)(a).  The IDEA and the corresponding

---

[14] Although the School District does not raise the point, the Court is aware that it is reviewing a state ALJ's interpretation of a state procedural rule.  However, Jenkins's claims arise under federal law, and the IDEA requires states to establish and maintain procedures to resolve those claims through impartial due process hearings.

Georgia regulation also provide two exceptions to this statute of limitations.  The timeline does not apply to a parent if:

> [T]he parent was prevented from requesting the hearing due to – (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent.

20 U.S.C. § 1415(f)(3)(D); *see also* Ga Comp. R. & Regs. 160-4-7-.12(3)(a).

The ALJ found it was undisputed that Jenkins's claims were premised on events that took place prior to August 2010.  In making this determination, the ALJ relied solely the affidavit of Jessica Key, the School District's Director of Special Education, which the School District attached to its reply to the motion to dismiss.  Thus, the ALJ concluded Jenkins's due process complaint was time-barred because she did not file it until August 12, 2012.

The ALJ's recitation of the facts from Key's affidavit is incorrect.  The affidavit does not state "that the [School] District has provided services to T.J. during the regular school day *since* the 2010-11 school year."  (Doc. 20-2 at 54) (emphasis added). Rather, Key stated, "[the] School District transitioned T.J. to a regular school day schedule *during* the 2010-2011 school year[.]"  (Doc. 20-2 at 70) (emphasis added). Jenkins alleges T.J. was not transitioned to the regular school day until October 2010, which is consistent with Key's affidavit.  Thus, the ALJ made an unreasonable deduction that the relevant events occurred prior to August 2010.  The affidavit also stated, "The last school year in which T.J. was served primarily through home-based services was the 2009-2010 school year."  (Doc. 20-2 at 70).  This statement further undermines the ALJ's finding because Key seems to suggest T.J. received home-based services after the 2009-2010 school year, just to a lesser extent.

-14-

Moreover, the date the relevant events end is not necessarily the same date as when a claim accrues under the IDEA. Rather, a claim accrues when "the parent or agency knew or should have known about the alleged action that forms the basis of the complaint[.]" 20 U.S.C. § 1415(f)(3)(D). The ALJ did not provide any analysis on this issue. Jenkins, citing to *Draper v. Atlanta Independent School System*, 518 F.3d 1275 (11th Cir. 2008), argues that, even if she filed her due process complaint more than two years after the relevant events occurred, the statute of limitations was tolled pursuant to *Draper* because she did not have the facts necessary to know a claim existed until years after the injury occurred.

In *Draper*, the court held that the plaintiff's claims, which potentially accrued as early as 1999, were not barred by the statute of limitations because his family did not have the facts necessary to know he had been injured until July 2003, when an evaluation revealed that the plaintiff had been previously misdiagnosed and placed in an inappropriate educational program. *Id.* at 1281, 1288. The defendant essentially argued that the family should have known the plaintiff was misdiagnosed and misplaced before the defendant's trained professionals, and the court stated this was a "dubious proposition[.]" *Id.* at 1288.

The School District's argument that *Draper* is narrowly limited to an identical fact pattern, i.e., when a school district incorrectly evaluates a child, the parents do not know the evaluation is incorrect, and the parents rely on the incorrect evaluation to their detriment, is specious. Contrary to the School District's contention that the IDEA does not broadly permit tolling of the statute of limitations when parents do not have the necessary facts to know their child was injured in any circumstance, the IDEA states that a parent must file a due process complaint "within [two] years of the date the parent

or agency knew or should have known about the alleged action that forms the basis of the complaint."  20 U.S.C. § 1415(f)(3)(C).  The language "should have known about the alleged action" is not limited to botched evaluations.

Thus, *Draper* could apply to Jenkins's claims if she did not know T.J. was injured by the School District's alleged failure to provide an appropriate education prior to August 10, 2010.  It is not clear from Jenkins's amended complaint when she learned of the alleged injury.  She does allege that, as of April 16, 2009, the School District "described T.J.'s academic and personal functioning as still at the toddler level."  (Doc. 33 at ¶ 22).  However, the amended complaint does not state whether this information was communicated to Jenkins on that same date or at a later time.  Jenkins was aware of the alleged injury at the latest on April 26, 2011, when she filed a complaint with DOE.  (Doc. 33 at ¶ 24).

Even if *Draper* does not apply here and Jenkins knew of T.J.'s injuries more than two years prior to filing her due process complaint, Jenkins has sufficiently alleged facts to toll the statute of limitations for other reasons.  Jenkins alleges the School District failed to give her written prior notice regarding T.J.'s placement in home-based education that complied with 20 U.S.C. § 1415(c)(1).  (Doc. 33 at ¶ 12).  Jenkins also alleges the School District did not provide her with the procedural safeguards notice required by 20 U.S.C. § 1415(d).  (Doc. 33 at ¶ 25).  The School District does not contend it provided either notice or that failure to provide the notices does not toll the statute of limitations.  Instead, the School District argues that the ALJ correctly determined the exceptions did not apply.  However, the ALJ did not make that determination.  The ALJ stated that Jenkins failed to argue the limitations period should be tolled under either exception, and the ALJ did not otherwise analyze whether either

exception would apply.  While Jenkins may not have made that argument in any brief before the ALJ, she did allege in her due process complaint that after a mediation hearing with T.J.'s school in which the school found no merit to Jenkins's case the school told her there was "no other recourse and the matter was considered closed." (Doc. 20-2 at 121).  The ALJ failed to consider whether Jenkins qualified for an exception because she alleged she was not provided with adequate procedural safeguards.

Thus, the Court finds Jenkins has pled sufficient facts to withstand the two-year statute of limitations.  20 U.S.C. § 1415(f)(3)(D); *see also D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 492 (D.N.J. 2008) (holding the IDEA's two-year statute of limitations did not apply when the defendant failed to provide the appropriate written notice).  Accordingly, the Court finds Jenkins has sufficiently alleged that her due process complaint was timely filed, and, based on the facts before the Court, her claims are not time-barred.[15]

### D.  Whether Jenkins May Raise New Claims on Appeal

Even if Jenkins's claims are not time-barred, the School District argues that Jenkins's amended complaint must be dismissed because she did not request any proper forms of relief in her due process complaint, and although she now requests forms of relief that are permissible under the IDEA, she is barred from raising new claims on appeal.[16]  Jenkins contends her amended complaint does not set forth any

---

[15] This does not mean that a more developed record will not establish that Jenkins's claims are barred by the statute of limitations.

[16] The School District also argues that Jenkins is bound by her "judicial admissions."  The School District has not cited any authority that states a party is bound by arguments made in her briefs.  Further, the School District misconstrues Jenkins's previous arguments made against a dismissed party to this action.  Thus, the School District has not cited any appropriate judicial admissions in this case.

new claims but instead more clearly defines the claims she brought in her due process complaint.  Even if she has brought new claims before this Court, Jenkins continues, exhaustion of her administrative remedies on those claims is not required because it would be futile or inadequate.

The Court agrees with Jenkins.  Even if the Court construes Jenkins's amended complaint as adding claims not presented in her due process complaint, she was not required to exhaust her administrative remedies on any new claims because to do so would have been futile.  *See M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1159 (11th Cir. 2006) ("'[T]he exhaustion of ... administrative remedies is not required where resort to administrative remedies would be 1) futile or 2) inadequate.  …  The burden of demonstrating futility is on the party seeking exemption from the exhaustion requirement.").  The administrative record makes this abundantly clear.

Jenkins filed her due process complaint *pro se*.  After Jenkins retained counsel and the School District filed its answer and counterclaim on August 27, 2012, her counsel filed a motion to amend Jenkins's due process complaint.  The ALJ denied that motion the following day because neither the ALJ nor the School District would grant permission.  *See* C.F.R. § 300.508(d)(3).  The School District then moved to dismiss. The School District included one affidavit with its reply to the motion.  Because of the attached affidavit, the ALJ converted the motion to dismiss to a motion for summary determination.[17]  Noting that Jenkins had not filed a further response or disputed the contents of the affidavit, the ALJ found the School District's evidence undisputed and

---

[17] Under Georgia law, a trial court must give the nonmovant notice and a full and fair opportunity to respond when it converts a motion to dismiss into a motion for summary judgment.  *Bays v. River Oaks Constr., Inc.*, 244 Ga. App. 401, 402, 535 S.E.2d 543, 545 (2000).  It seems reasonable to expect a similar requirement for cases brought before OSAH so that a party has a full and fair opportunity to place evidence in the record to satisfy her burden.

-18-

dismissed Jenkins's due process complaint as deficient.[18]  Jenkins never received a

due process hearing on the merits of her claims.  Thus, it is apparent that requiring

Jenkins to have exhausted her administrative remedies prior to asserting any new

claims in this Court, to the extent that they are new, is futile.  She attempted to amend

her due process complaint to assert new claims, and she was not allowed to do so.

Further, the Court is not persuaded by the School District's contention that

Jenkins waived any arguments or facts she advances before this Court by failing to

raise them in the first instance before the ALJ.  The School District has not cited any

authority stating that this Court may not consider an argument because it was not raised

in a pleading at the administrative level.[19]

### E.  Remedy

"'[A] factually intensive inquiry into the circumstances of each individual child's

case is best resolved with the benefit of agency expertise and a fully developed

administrative record.'"  *Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 559

(E.D. Pa. 2008) (quoting *Grieco v. N. J. Dep't of Educ.*, 2007 WL 1876498, at *7

(D.N.J.)).  Thus, remand to the ALJ is the most appropriate remedy when the due

process complaint was dismissed without an evidentiary hearing and the reviewing

court lacks findings and conclusions on the merits of the plaintiff's claims.[20]  *See, e.g.*,

*Alexandra R. v. Brookline Sch. Dist.*, 2009 WL 2957991, at *4 (D.N.H.); *A.B. v. Clarke*

---

[18] It is likely that Jenkins's counsel did not place any evidence in the record in response to the motion to dismiss because he believed he was operating under a significantly different burden than what is required to survive a motion for summary determination.

[19] In any event, it would be futile to require Jenkins to have done so.  For instance, Jenkins suggested permissible forms of relief in her response to the motion to dismiss based on a more liberal reading of her due process complaint, but the ALJ did not consider or acknowledge those proposed solutions in her order on the motion.  (Doc. 20-2 at 55-56, 75-76).

[20] The School District also agrees remand to the ALJ would be the most appropriate remedy if this Court concludes Jenkins's claims are not barred as a matter of law.

*Cnty. Sch. Dist.*, 2009 WL 1606544, at *12 (M.D. Ga.).  Any party aggrieved by the

decision of the ALJ on remand shall have the opportunity to appeal that decision in a

civil action.

### III.     CONCLUSION

For the foregoing reasons, the School District's motion to dismiss is **DENIED**.

Further, Jenkins's claims asserted against the School District in her amended complaint

are **REMANDED** to the ALJ for further proceedings consistent with this Order.

**SO ORDERED**, this 25th day of November, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
